UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY MERRIWEATHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-2453 (CKK) |
| ) | |
| HARLEY LAPPIN et al., ) | |
| ) | |
| Defendants. ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

The plaintiff, a federal prisoner proceeding in forma pauperis, filed a damages action for $5 million, alleging that prison officials have denied him medical treatment for Hepatitis C, showing deliberate indifference to his serious medical needs in violation of his Eighth Amendment protections. With his complaint, the plaintiff filed a motion for a preliminary injunction, which was denied without prejudice because the "submission does not mention any efforts to notify the defendants" of the motion and because "it is not clear from plaintiff's motion or the underlying complaint that he stands to suffer immediate or irreparable injury before defendants can be heard in opposition." Order (Dec. 31, 2009). Now the plaintiff has filed a second motion for a preliminary injunction, which is identical to the first one. Asserting that the plaintiff "faces an immediate threat to his health" because "[f]or over 11 years the defendants have denied the plaintiff medical care treatment for Hepatitis C," it seeks an order from this Court compelling the defendants "to provide the plaintiff medical care treatment" for Hepatitis C. Plaintiff's Motion for Preliminary Injunction ("Mot.") at 1, 3. For the reasons stated, the second motion for a preliminary injunction will also be denied without prejudice.

In order to obtain preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65, the requesting party must show: (1) a substantial likelihood of success on the merits; (2) that he would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. *Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 297 (D.C. Cir. 2006). In applying this test, a court may employ a sliding scale whereby a particularly strong showing in one the four areas may compensate for weakness in another. *Id.* (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 747 (D.C. Cir. 1995) ("An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury.").

Among the four required showings, it is "particularly important for the [movant] to demonstrate a substantial likelihood of success on the merits." *Barton v. Dist. of Columbia,* 131 F. Supp. 2d 236, 242 (D.D.C. 2001) (citing *Benten v. Kessler,* 505 U.S. 1084, 1085 (1992)). If the movant fails to do so, "it would take a very strong showing with respect to the other preliminary injunction factors to turn the tide in plaintiff['s] favor." *Davenport v. Int'l Bhd. of Teamsters,* 166 F.3d 356, 366 (D.C. Cir. 1999). In addition, a plaintiff must show at least some likelihood of irreparable harm in the absence of an injunction. *See Winter v. Nat. Res. Def. Council, Inc.,* --- U.S. ---, 129 S.Ct. 365, 375 (2008) (holding that a plaintiff must demonstrate that in the absence of an injunction, "irreparable injury is likely," and not merely a "possibility"); *CityFed*, 58 F.3d at 747 (holding that a plaintiff must demonstrate "'at least some injury' for a preliminary injunction to issue ... [because] 'the basis of injunctive relief in federal courts has always been irreparable harm ....'" (quoting *Sampson v. Murray,* 415 U.S. 61, 88 (1974)).

"Irreparable harm" is an imminent injury that is both great and certain, and that legal remedies cannot repair. *Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985) (citing *Sampson v. Murray,* 415 U.S. at 88; *Connecticut v. Massachusetts,* 282 U.S. 660, 674 (1931); *Ashland Oil, Inc. v. FTC,* 409 F. Supp. 297, 307) (1976)).

While the plaintiff has nominally addressed all four prongs of the preliminary injunction standard, he has failed to demonstrate either that he is likely to prevail on the underlying merits of the case or that the harm he claims he will suffer is imminent, great and certain. Plaintiff acknowledges both requirements. *See* Mot. at 2 (noting that to prevail on his damages claim, he must show that "the alleged deprivation of medical need was a condition of urgency, one that may produce death, degeneration, or extreme pain" (citing *Johnson v. Wright,* 412 F.2d 398 (2d Cir. 2005) (discussing standard for showing Eighth Amendment violation in deprivation of medical treatment)); *see also* Mot at 2 (containing a section entitled "Plaintiff Face a Substantial Threat of Irreparable Harm"). Despite recognizing what he must show, the plaintiff does not provide facts sufficient to do so. The motion contains scant relevant facts. For example, the plaintiff does not indicate the nature of the harm he expects to suffer if an injunction is not issued, but only conclusorily describes it as a serious danger to his health. *Id.* at 1 (referring to "immediate danger"), 2 (referring to "serious physical injury"), 3 (referring to "substantial risk of harm"). He does not identify the medication that medical staff allegedly recommended or ordered, but which the defendants allegedly did not provide. The medication he seeks is not identified. Most striking, the motion does not explain why or how the alleged denial of medical treatment over the course of the past eleven years presents an imminent injury that is both great and certain today. *See id.* at 2 ("It has been over 11 years plaintiff had not been provided with

medial care treatment by defendant."). Indeed, the plaintiff's representations with respect to irreparable harm consists of just two substantive statements: "The plaintiff is under imminent danger of serious physical injury at the time filed the complaint. ... The defendant have interfered with medical judgment by non-medical factors." *Id.* Such conclusory statements do not substantiate plaintiff's allegations. Therefore, the Court has no basis on which to conclude that the plaintiff will suffer irreparable harm or that he is likely to prevail on the merits of his underlying claim. Accordingly, it is hereby

ORDERED that the plaintiff's second motion for a preliminary injunction is DENIED without prejudice.

/s/
COLLEEN KOLLAR-KOTELLY
Date: January 21, 2010                                               United States District Judge